# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50781
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CARLOS ANGEL DE LA ROSA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-204-2

Before HIGGINBOTHAM, STEWART and ELROD, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Carlos Angel De La Rosa was convicted of one count of aiding and abetting the possession with intent to distribute cocaine and one count of aiding and abetting the possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(D), 846 and 18 U.S.C. § 2. The district court sentenced De La Rosa to 120 months of imprisonment on each count, with the sentences to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

De La Rosa appeals his conviction, arguing that the district court erred in admitting the testimony of a co-defendant over his objections pursuant to FED. R. EVID. 404(b) and that the court abused its discretion in failing to give a limiting instruction to the jury regarding this evidence. Federal Rule of Evidence 404(b) applies only to extrinsic evidence and does not prohibit intrinsic evidence. United States v. Yi, 460 F.3d 623, 632 (5th Cir. 2006).

We find no error in the district court's finding that the evidence in question was intrinsic. The evidence more clearly established the connection between De La Rosa and his co-defendant and is "inextricably intertwined" with both the charged offenses and the elements that the Government was required to prove. See United States v. Miranda, 248 F.3d 434, 440-41 (5th Cir. 2001). Consequently, Rule 404(b) is not implicated and consideration of the evidence's admissibility pursuant to Rule 404(b) is unnecessary. See id.

Further, although this court has recognized that any prejudice from admission of Rule 404(b) evidence can be minimized by a limiting instruction, see United States v. Broussard, 80 F.3d 1025, 1040 (5th Cir. 1996), Rule 404(b) was not implicated in this case. See Miranda, 248 F.3d at 440. Nevertheless, the district court instructed the jury that it must consider only the crime charged and could not consider any evidence of acts similar to those charged in the indictment, but which were committed on other occasions, in deciding whether the defendant committed the acts charged in the indictment other than for the very limited purposes of determining whether the defendant had "the state of mind or intent or knowledge necessary to commit the crime charged in the indictment; or whether the defendant committed the acts for which he is on trial by accident or mistake." The denial of a requested instruction is not error when its substance is implicit in the instructions given. United States v. Ramirez, 963 F.2d 693, 705 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.